SAMUEL P. BROWN, ELSA B. PETT AND ELIZABETH B. HANSEN, RELATORS, v. VINCENT J. MURPHY, JOHN A. BRADY, MEYER C. ELLENSTEIN, JOHN B. KEENAN, RALPH A. VILLANI, AND CITY OF NEWARK, A MUNICIPAL CORPORATION, RESPONDENTS.

Argued May 7, 1946—Decided June 7, 1946.

Before CASE, CHIEF JUSTICE, and Justice HEHER.

For the relators, *Hannoch & Lasser* (*Herbert J. Hannoch* and *Morris Weinstein*).

For the respondents, *Joseph A. Ward* and *Thomas L. Parsonnel.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The issue is one of law raised by respondents' demurrer to relators' alternative writ of *mandamus*. The writ directs the City of Newark and the governing body of the city to prosecute proceedings in condemnation or signify cause to the contrary.

The city is authorized (*R. S.* 40:8–2, *et seq.*) to acquire, construct, own and operate an airport and to acquire by purchase or condemnation land needed for that purpose. The city, pursuant to its statutory authority, constructed and established the Newark Municipal Airport and operated the same in a proprietary capacity, leasing it or portions thereof

to airlines and others at various rentals; and in so doing it had need for and took control and possession of relators' lands. On or about April 1st, 1942, the city leased the airport, including relators' lands, to the United States of America at a rental of $85,000 per annum. On November 30th, 1942, chapter 331, *Pamph. L.* 1942, became effective. That statute provided that any municipality then constructing an airport under a contract with a federal agency and which was, or was to be, used by the armed forces of the United States might acquire lands or rights therein by gift, devise or purchase or by condemnation under the Eminent Domain Act and might enter upon and take the same in advance of making compensation where for any reason the municipality could not acquire the property by agreement and that a municipality, exercising the right of condemnation and entering upon and taking lands in advance of making compensation, should present a petition and prosecute proceedings to fix the compensation to be paid the owner or owners. Thereafter the city renewed the lease of the airport, including relators' lands, to the United States of America, and thereby continued, and took, possession of relators' lands under the authority of that statute. Among the constructions made by the city was an airport runway on a portion of relators' lands. The taking of the lands was without the knowledge or consent of the relators or their predecessors in title and without compensation to them.

It is advanced by relators that under the constitutional prohibition (Constitution, article I, paragraph 16) against taking private property for public use without making just compensation therefor and under the several statutes the city and its government, having refused and neglected to negotiate for the purchase and to institute proceedings to condemn, are properly subject to a court mandate to compel the institution of condemnation proceedings. The demurrer filed by the respondents sets up that the determination to acquire the property is vested solely in the Board of Commissioners of the City of Newark, that the acquisition by eminent domain is a permissive but not a compellable proceeding which lies at the sole discretion of the governing body, that the city has not

means available to pay an award if the same should be made and that the relators have an adequate remedy at law in an action for trespass or. in a suit for ejectment.

The demurrer admits the factual averments of the writ and rests upon the legal inefficacy thereof. *Schwarzrock* v. *Board of Education*, 90 *N. J. L.* 370. A demurrer is not a proper channel for the averment of facts. It is not appropriate for the respondents in their demurrer to allege that the city has no available funds or to set up any other allegation of fact. But were this otherwise, or if the statement that the city is without funds should be considered as equivalent to saying that the writ is faulty in not alleging that the city has funds, the present lack of funds would not stop a proceeding to establish liability. The city went into the business first of operating and then, as a landlord, of renting an airport, and if in so doing it incorporated the land of another as an integral part of the enterprise it is liable to make just compensation. It would be intolerable that a municipality should take and retain private property for business uses under statutory authority and avoid making the compensation anticipated by the statute by simply not setting up an appropriation from which payment might be made. Neither an action in trespass nor a suit for ejectment would afford a complete remedy. *Haycock* v. *Jannarone*, 99 *N. J. L.* 183. The city has established a major undertaking which appears to be a composite of many parts, including relators' lands. The enterprise is a continuing one which has no likelihood of termination. The conceded facts lead to the inevitable conclusion that the airport is there to stay; that the city has no notion of breaking it up, of relinquishing the aggregate of land holdings or of surrendering to the relators the lands which they own, upon which they pay taxes and over which, because of usurpation by the city, they have no control. The city has assumed dominion. It was said on behalf of the city at the oral argument that the city might not long be the owner of the airport as negotiations were pending for the disposal of it to the New York Port Authority and that such a transfer was not improbable. But that does not help matters. The land would remain an integral part of the unit, and the difficulty of the

owners in getting redress would be increased. The allegation of the writ, which on this issue becomes a fact, is that the city took possession of the lands under the authority of the 1942 statute. From that it follows that the city had the right of entrance upon the lands prior to purchase or condemnation; it took what it had the right to take·subject to the making of compensation. Under the statute the duty lay upon the city thereafter to institute and prosecute proceedings to condemn. The city had the discretion to acquire an airport or not to acquire it, to take this or that land or not to take it. It did not have the discretion to take land without paying for it. After the taking the duty to condemn became ministerial. Under the circumstances the city should proceed to condemn. *Cf. Haycock* v. *Jannarone, supra; Siedler* v. *Ocean City,* 109 *N. J. L.* 28; *Gould* v. *State Highway Commission,* 112 *N. J. Eq.* 389; *Empire Trust Co.* v. *Board of Commerce,* 124 *N. J. L.* 406; *Miller* v. *Port of New York Authority,* 18 *N. J. Mis. R.* 601.

In our opinion the alternative writ of *mandamus* is good and sufficient on its face. The demurrer will be stricken, with costs. The respondents have asked leave to make return to the alternative writ, and leave is granted.